Eastern District of Kentucky  
F I L E D  
DEC 15 2021  
AT PIKEVILLE  
ROBERT R. CARR  
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**  
**EASTERN DISTRICT OF KENTUCKY**  
**SOUTHERN DIVISION**  
**PIKEVILLE**

**CRIMINAL ACTION NO. 7:21-CR-12-REW-EBA**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                                            **PLEA AGREEMENT**

**JAMES A. NEWSOME**                                          **DEFENDANT**

\*   \*   \*   \*   \*

1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 3 and 4 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), distribution of a methamphetamine mixture, a Schedule II controlled substance, and a heroin and fentanyl mixture, a Schedule I and II controlled substance, and 18 U.S.C. 924(c), possession of a firearm in furtherance of a drug trafficking crime, respectively. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1, 2, and 5.

2.    The essential elements of 21 U.S.C. § 841(a)(1) are:

    (a)    The Defendant knowingly or intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of heroin and fentanyl, a Schedule I and II controlled substance; and

    (b)    The Defendant knew at the time of distribution that the substance was a controlled substance.

The essential elements of 18 U.S.C. § 924(c) are:

    (a)    That the Defendant committed the crime of distribution of a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of heroin and fentanyl, a drug trafficking offense which may be prosecuted in a court of the United States;

    (b)    The Defendant knowingly possessed a firearm; and

    (c)    The possession of the firearm was in furtherance of the aforementioned drug trafficking offense.

        (i)    The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged considering the following non-exhaustive factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found.

3.    As to Counts 3 and 4, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)    On or about October 20, 2020, in Floyd County, in the Eastern District of Kentucky, the Defendant sold a confidential informant 6.272 grams of a methamphetamine mixture and 1.01 grams of a fentanyl-laced heroin mixture, from his residence. The informant paid $508.00 US Currency for the substances. The transaction is recorded on film, and lab results confirm the content of the substances.

    (b)    During the same transaction, while still in the Defendant's bedroom, the Defendant removed a .45 Caliber Highpoint firearm from under the pillow on his bed. The Defendant removed the safety pin from the gun, showing the informant the gun during the transaction as he appeared to place a round in the chamber.

4.    The statutory punishment for Count 3 is imprisonment for not more than 30 years, a fine of not more than $2,000,000, and a term of supervised release of not less

2

than 6 years. The Defendant has a prior felony drug offense as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment. The statutory punishment for Count 4 is imprisonment for not less than 5 years nor more than life, to be served consecutive to any term of imprisonment imposed for any other offense, a fine of not more than $250,000, and not more than 5 years of supervised release. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.) manual in effect at sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

3

8. The Defendant waives the right to appeal the guilty plea and conviction, but reserves the right to appeal his sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States could prove that a nexus exists between the property and criminal conduct. The Defendant further agrees to waive any and all provisions of Rule 32.2 pertaining to the timing of the filing of forfeiture orders.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                              CARLTON S. SHIER, IV
                              UNITED STATES ATTORNEY

Date: 12/15/21        By: _____
                                    R. Nicholas Rabold
                                    Assistant United States Attorney

Date: 12/15/21               _____
                                    James A. Newsome
                                    Defendant

Date: 12/15/21               _____
                                    Patrick E. O'Neill
                                    Attorney for Defendant